Andrew G. Watters
555 Twin Dolphin Dr., Ste. 135
Redwood City, CA 94065
+1 (650) 542-0057,800
andrew@watters.law

Pro se

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW G. WATTERS, an individual,<br><br>     Plaintiff,<br><br>     v.<br><br>RICHARD TROYAN, an individual;<br>and Does 1-20,inclusive,<br><br>     Defendants. | Case No:<br><br>PLAINTIFF'S VERIFIED COMPLAINT<br><br>18 U.S.C. sec. 1964(c) |

VERIFIED COMPLAINT

## INTRODUCTION

The purpose of this action is to enjoin and hold to account a self-described "First Amendment Auditor" from Canada who regularly commits felonies by goading victims into being unlawfully pepper sprayed by him, and then profits from the incidents he stages through a monetized YouTube channel known as "True North Transparency."

## JURISDICTION AND VENUE

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968; 18 U.S.C. § 1951 (Hobbs Act – interference with commerce by threats of violence); and other federal statutes authorizing injunctive relief against foreign citizens. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant is subject to personal jurisdiction here because he threatened Plaintiff and also attacked someone in this District shortly after his interactions with Plaintiff, which shows a pattern of unlawful conduct.

This Court has personal jurisdiction over Defendant because he purposefully directed his unlawful conduct toward Plaintiff and others in California while present in California, and the effects of his conduct were felt in California.

## PARTIES

Plaintiff Andrew G. Watters is an individual and citizen of the United States residing in San Mateo County, California, within the Northern District of California. Plaintiff has his own law firm based in Redwood City.

Defendant Richard Troyan is an individual and a citizen of Canada with a last-known address of 201 Lee Avenue, Whitby, ON L1N 5L4, Canada. Defendant operates a monetized YouTube channel through which he solicits subscriptions and contributions from subscribers for "click bait" content, in which he goads people into being pepper sprayed by him for no valid reason.

//

## FACTUAL ALLEGATIONS

At all relevant times, on March 29, 2026, Plaintiff was lawfully shopping at Draeger's. Draeger's is a small grocery chain in the Bay Area of California with several locations. The subject location is in Menlo Park, California, which is within the Northern District of California. Plaintiff regularly shops at this location, since at least 1994 when he was in high school (32 years ago).

On March 29, 2026, while Plaintiff was shopping (and later, when Plaintiff was exercising his First Amendment right to film Defendant from a public space after Plaintiff completed his shopping), Defendant repeatedly confronted and harassed Plaintiff, and threatened Plaintiff with physical violence and pepper spray in order to obtain video content for Defendant's YouTube channel. The video of one such interaction from Plaintiff's point of view is published online in a news article about Defendant: https://www.almanacnews.com/menlo-park/2026/03/31/police-investigate-pepper-spray-incident-linked-to-youtube-auditors-in-menlo-park/

Approximately two hours later on the same day, March 29, 2026, Defendant actually attacked a third party with pepper spray in a similar setting nearby. Defendant also repeatedly harassed other victims, including elderly women, women pushing baby strollers, and similar victims at multiple locations that same day. Defendant has been involved in similar incidents at other locations in California.

Defendant made the threats against Plaintiff and committed the pepper-spray attack on the third party for the sole purpose of generating video content for his monetized YouTube channel, from which he derives substantial revenue through subscriptions and subscriber contributions.

Defendant's threats and violent conduct were made with the intent to induce fear and to interfere with lawful activities, as shown in Plaintiff's video, in which Defendant threatens to "hurt [Plaintiff] really badly" and "mace the shit out of [Plaintiff]" while Plaintiff was merely filming Defendant back from a suitable distance. The threats were not privileged, were not justified, and were not excused in any manner. Defendant and his two collaborators on this occasion[1]– who do exactly the same thing– conspired to do this.

As a direct and proximate result of Defendant's threats and violent conduct, Plaintiff suffered

---

[1]Employees or other associates of Conrad J. Rankin, a convicted felon from San Diego, California who runs the YouTube channel @iimpctmedia.

emotional distress, was obstructed from shopping peacefully (a civil and property right), was obstructed from filming in a public place, and also had a fear of future harm due to the Defendant's repeated violent behavior, which is evident from other scenarios readily found on his channel and online.

Defendant's conduct affected interstate commerce because Defendant created this content specifically for clicks on Defendant's YouTube channel, which operates in interstate commerce between the U.S. and Canada; the threats and attack occurred in a retail establishment engaged in interstate commerce including the free movement of goods and people; and Defendant's activities interfered with the free movement of goods and people in a manner affecting commerce.

Coincident with the foregoing, Defendant has engaged in a pattern of racketeering activity, including multiple acts of extortion by threats of violence and actual violence in violation of 18 U.S.C. § 1951, and by making false statements on immigration forms or visa applications in violation of 18 U.S.C. § 1546 when he sought admission to the U.S. from Canada. The pepper-spray attack on a third party just two hours after the incident with Plaintiff demonstrates the continuing and imminent nature of the threat, justifying injunctive relief. Defendant's actions also constitute a continuing threat of future harm to Plaintiff and the community because, by their nature, these criminals show up randomly throughout the community and state, and harm people.

## FIRST CLAIM FOR RELIEF

(Civil RICO – 18 U.S.C. §§ 1962 and 1964)

Against all Defendants

Through the foregoing course of conduct, Defendant has violated 18 U.S.C. § 1962(c) by conducting or participating in the conduct of an enterprise through a pattern of racketeering activity.

The predicate acts of racketeering activity include extortion by threats of physical violence and actual violence in violation of 18 U.S.C. § 1951, which affected interstate commerce.

Plaintiff has been injured in his business or property by reason of Defendant's violation of § 1962 and is entitled to treble damages, costs, and attorney's fees pursuant to 18 U.S.C. § 1964(c), as well as injunctive relief and divestiture by Defendant of any interest in the RICO enterprise.

VERIFIED COMPLAINT

## SECOND CLAIM FOR RELIEF

(Assault – California Common Law)

Against all Defendants

Defendant's intentional threats of immediate physical violence placed Plaintiff in reasonable apprehension of imminent harmful or offensive contact.     Defendant unlawfully brandished his pepper spray, itself a felony, and threatened to "mace the shit out of [Plaintiff]." Plaintiff believed Defendant when he said this, placing Plaintiff in actual fear of being pepper sprayed.     As a direct and proximate result, Plaintiff has suffered damages in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

(Interference with Commerce by Threats of Violence – 18 U.S.C. § 1951)

(Conspiracy Against Rights 18 U.S. Code § 241)

Against all Defendants

Defendant's threats of physical violence and actual violent attack on a third party obstructed, delayed, and affected commerce and the movement of articles and people in commerce, in violation of 18 U.S.C. § 1951, and also Defendant conspired with several other individuals to obstruct Plaintiff's free exercise of his rights. Plaintiff seeks all available relief, including injunctive relief.

## FIFTH CLAIM FOR RELIEF

(Injunctive Relief under Federal Statutes)

Against all Defendants

Defendant's ongoing threats, harassment, and recent violent attack (pepper spray on a third party) create a continuing and imminent risk of irreparable harm. Plaintiff is entitled to injunctive relief under 18 U.S.C. § 1964 and other applicable federal statutes, especially because the Defendant is a foreign citizen with an unknown local address in the United States.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Compensatory damages in an amount to be proven at trial;

B. Treble damages under 18 U.S.C. § 1964(c);

C. Punitive damages as permitted by law;

VERIFIED COMPLAINT

- 5 -

D. Injunctive relief, including a temporary restraining order and preliminary and permanent injunction prohibiting Defendant from contacting, harassing, threatening, or coming within 100 yards of Plaintiff or filming Plaintiff;

E. Divestiture of any interest Defendant holds in the RICO enterprise;

F. Attorney's fees and costs of suit;

G. Pre- and post-judgment interest; and

H. Such other and further relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL Plaintiff demands a trial by jury on all issues so triable.

Date:    March 31, 2026                    By:    _Andrew G. Watters_
                                                  _____
                                                  Andrew G. Watters
                                                  Plaintiff

VERIFIED COMPLAINT

- 6 -

**VERIFICATION**

I, Andrew G. Watters, certify:

I am the Plaintiff in this matter. I have read the foregoing Verified Complaint application and certify that the same is true of my own personal knowledge, except as to the matters stated on information and belief, in which case I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:    March 31, 2026          By:    *Andrew G. Watters*
 _____
                                                  Andrew G. Watters
                                                  Plaintiff