UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW G. WATTERS,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD TROYAN,<br><br>Defendant. | Case No. 26-cv-02808-NW<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: ECF No. 2 |

Before the Court is Plaintiff Andrew G. Watters' motion for a temporary restraining order against Defendant Richard Troyan. ECF No. 2. Having considered Plaintiff's briefing and the relevant legal authority, the Court finds this matter suitable for resolution without oral argument. Civil Local Rule 7-1(b). The Court DENIES Plaintiff's motion for a TRO.

## I.     BACKGROUND

Plaintiff is a lawyer in this District. Plaintiff brings this case in his personal and individual capacity, and proceeds *pro se*. ECF No. 1 at 1. Plaintiff explains that Defendant is a Canadian citizen, who operates a YouTube channel called "True North Transparency." *Id*. at 2.

On March 29, 2026, Plaintiff went grocery shopping in a local store. Plaintiff "was exercising his First Amendment right to film Defendant from a public space." *Id*. at 3. While Plaintiff was shopping and also filming, "Defendant repeatedly confronted and harassed Plaintiff, and threatened Plaintiff with physical violence and pepper spray in order to obtain video content for Defendant's YouTube channel." *Id*. at 3.

On March 31, 2026, Plaintiff initiated this case and filed a motion for a temporary restraining order. ECF No. 2.

United States District Court
Northern District of California

United States District Court
Northern District of California

## II.    DISCUSSION

A temporary restraining order preserves the status quo and prevents irreparable harm until a hearing can be held on a preliminary injunction application.  *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).  A temporary restraining order is an "extraordinary remedy" that the court should award only when a plaintiff makes a clear showing that he is entitled to such relief.  *See Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 24 (2008).  The standards for a temporary restraining order are the same as those for a preliminary injunction.  *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  The moving party must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that will result if an injunction is not issued, (3) the balance of equities tips in favor of the party, and (4) an injunction is in the public interest.  *See Winter*, 555 U.S. at 20.  The irreparable injury must be both likely and immediate.  *See id*. at 22; *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.").

Here, Plaintiff states that "[t]he purpose of this action is to enjoin and hold to account a self-described 'First Amendment Auditor' from Canada who regularly commits felonies by goading victims into being unlawfully pepper sprayed by him." ECF No. 2 at 2.  In his proposed order, Plaintiff asks the Court for injunctive relief to restrain Defendant from "[c]ontacting, harassing, threatening, or coming within 100 yards of Plaintiff Andrew G. Watters," "[f]ilming Plaintiff for any purpose," and "[p]epper-spraying or committing any act of violence against Plaintiff or others in Plaintiff's presence."  ECF No. 2-1.

Plaintiff has not demonstrated the likelihood of, nor imminency of, irreparable harm that will result if an injunction is not issued.  *See Winter*, 555 U.S. at 22 (plaintiff must demonstrate that irreparable harm is likely, not just a possibility).  Plaintiff has not provided any reason why there is imminent risk of Defendant, who lives in Canada, contacting or coming near Plaintiff again.  Plaintiff offers no evidence that he is going to be pepper-sprayed by Defendant or that

2

Defendant will engage in any other acts of violence aimed at Plaintiff. *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1133 (9th Cir. 2014) (conclusory or speculative allegations of harm insufficient to establish a likelihood of irreparable harm). Without more, there is no indication that Plaintiff will soon suffer irreparable harm from Defendant.

For the foregoing reasons, Plaintiff's *ex parte* motion for a TRO is DENIED.

**IT IS SO ORDERED.**

Dated: April 2, 2026

Noël Wise
United States District Judge

3